**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ribadab Properties Corporation, an Arizona Corporation, and RPC-Eaton, L.L.C., an Arizona limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>Roy W. Eaton and Judith A. Eaton, a married couple,<br><br>        Defendants.<br>_____<br>Roy W. Eaton and Judith A. Eaton, a married couple,<br><br>   Counterclaimants/Third-Party Plaintiffs<br><br>vs.<br><br>Ribadab Properties Corporation, an Arizona Corporation, Rae Ribadeneira, a married woman, and Michelle Ribadeneira and Hugo Ribadeneira, wife and husband; John Does I-XI; Jane Does I-XI; Black Corporations I-X;<br><br>        Counterdefendants, | No. CV-05-2338-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Defendants Roy W. Eaton and Judith A. Eaton's motion to dismiss all claims asserted by RPC-Eaton, L.L.C., and the Eatons' motion for appointment of a special master. Docs. #31, 38. For the reasons stated below, the Court will grant the

Eatons' motion to dismiss RPC-Eaton from the present action and will deny their motion for appointment of a special master.

## I.     Background.

In May 2000, Ribadab Properties Corporation ("RPC") and the Eatons formed RPC-Eaton for the purpose of building and selling a single-family home in Scottsdale, Arizona. Doc. #38 at 2. The home has been built, but remains unsold. *See id.* at 3.

On April 12, 2005, RPC and RPC-Eaton filed suit against the Eatons in part to clarify the parties' respective rights to and interests in the property. Compl. The Eatons removed the case pursuant to 28 U.S.C. §§ 1332 and 1441(a) on the basis of this Court's diversity jurisdiction. Doc. #2. On February 17, 2006, RPC filed an amended complaint which asserts, among other things, a claim for involuntary judicial dissolution of RPC-Eaton pursuant to A.R.S. § 29-785. Doc. #28 at 9. In its counterclaim against RPC and others, the Eatons also seek dissolution of RPC-Eaton under the same Arizona law. Doc. #30 at 24. The Eatons now move to dismiss RPC-Eaton from the suit and to appoint a special master to oversee its dissolution.

## II.    Motion to Dismiss RPC-Eaton.

The Eatons move to dismiss all claims asserted by RPC-Eaton because RPC-Eaton has not retained counsel since November 4, 2005. Doc. #31. A corporation may appear in federal court only when represented by a licensed attorney. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993). RPC-Eaton has not retained counsel to appear in court or to oppose this motion. RPC does not oppose Defendants' motion. Doc. #34. The Court accordingly will dismiss RPC-Eaton as a party.

## III.   Motion to Appoint a Special Master.

### A.     Legal Standard.

On application of a member of a limited liability company, a court applying Arizona law "may decree dissolution" of a company if the court finds that (1) the company cannot reasonably carry on its business purpose, (2) the management is deadlocked, (3) the

1  members' conduct is illegal or fraudulent, or (4) substantial assets are being wasted for
2  purposes not related to the business. A.R.S. § 29-785(A). Management is deadlocked when
3  the business of the company "cannot be conducted to the advantage of the members." *Id.*
4  (A)(2).

5  A federal court may appoint a special master to address pretrial and post-trial matters
6  which the court cannot effectively address. Fed. R. Civ. P. 53(a)(1)(C). The court has
7  discretion to appoint or refuse to appoint a master. *See Burlington N. R.R. Co. v. Dep't of*
8  *Revenue*, 934 F.2d 1064, 1071-72 (9th Cir. 1991). A master should be appointed "only when
9  the need is clear," and appointment remains "the exception and not the rule." Fed. R. Civ.
10 P. 53, Advisory Committee Notes (2003 Amendments), Subdivision (a)(1); *see also*
11 *Burlington N. R.R. Co.*, 934 F.2d at 1071.

12 "The court must give the parties notice and opportunity to be heard before appointing
13 a master." Fed. R. Civ. P. 53(b)(1). This requirement can be satisfied by an opportunity to
14 make written submissions. *Id.*, Advisory Committee Notes (2003 Amendments), Subdivision
15 (b). The master must be compensated by the parties or from the subject matter of the
16 litigation. Fed. R. Civ. P. 53(h)(2). A court will consider "the nature and amount of the
17 controversy, the means of the parties, and the extent to which any party is more responsible
18 than other parties" before allocating the master's compensation among the parties. *Id.* (h)(3).

19 **B.   Analysis.**

20 The Eatons request that a special master be appointed to oversee the dissolution of
21 RPC-Eaton because RPC's minimum sale price for the home is unreasonable and has created
22 a deadlock in the management of RPC-Eaton. Doc. #42 at 2. The Eatons claim that
23 substantial assets are being wasted to service loans on the property. Doc. #38 at 5. RPC
24 denies that the parties are deadlocked and opposes the appointment of a special master with
25 its attendant costs. Doc. #40 at 3.

26 In November 2005, the parties agreed to make a fresh attempt to sell the home and to
27 put the proceeds in escrow pending settlement or final judgment. Doc. #38 at 3. A real
28

estate agent employed by RPC-Eaton listed the home at a selling price of $1.895 million. *Id.* In March 2006, the agent recommended lowering the selling price to $1.695 million because the real estate market had changed and the home had not received offers. *See id.* Ex. P.

In April 2006, RPC-Eaton received an offer to buy the home for $1.4 million. Doc. #38 at 4. RPC, however, said that it "[would] not accept an offer that will net anything less than $1.695 mil[lion.]" *Id.* Ex. O. According to the Eatons, the home would have to gross more than $1.8 million in sale to produce a net of $1.695 million. Doc. #42 at 2. The Eatons contend that the management of RPC-Eaton is deadlocked because of RPC's unwillingness to sell at a fair market value. *Id.*

RPC apparently made the statement that it would only accept an offer netting $1.695 million because it was willing to purchase the home at that price. *See* Doc. #38 Ex. O. In response to the Eatons' motion, RPC claims that Counterdefendant Rae Ribadeneira, a principal of RPC, has offered $1.695 million to purchase the property. Doc. #40 at 3. The Eatons concede that there has been some "discussion among counsel" concerning an RPC offer to buy the home, but the Eatons submit that no valid offer has been received. Doc. #42 at 3.

The Court will not appoint a special master. The parties should be able to achieve a mutually agreeable sale of the home. RPC claims to have made an offer that would satisfy the Eatons and RPC, and the Eatons acknowledge that there has been discussion about such an offer. Given the prospect of an achievable out-of-court resolution, the Eatons have not shown that the need for a master is clear.

**IT IS ORDERED:**

1. Defendants' motion to dismiss all claims asserted by RPC-Eaton, L.L.C., Doc. #31, is **granted**. RPC-Eaton shall be dismissed as a party and the caption of this action shall be amended accordingly.

2. Defendants' motion for appointment of a special master, Doc. #38, is **denied**.

DATED this 16th day of June, 2006.

_____
David G. Campbell
United States District Judge